WILLIAMS, Judge,
dissents in part.
Although I agree with the majority’s interpretation of the statute, I would reduce the Fund’s accumulated reserves to $2,000,-000.00, the amount that the City’s actuary conceded was necessary to compensate for fluctuations in cash flow. I find no basis in *513 law for the trial court’s holding that the Fund could retain a $5.8 million reserve, an arbitrary amount based upon the accumulated sum at the time of the hearing.
The statute mandates only a $500,000.00 permanent accumulated fund. LSA-R.S. 33:2107. Although it is evident from the record that this amount is insufficient to compensate for fluctuations in contributions to the system, the statute does not grant the courts authority to arbitrarily set a minimum or maximum amount to be held in reserve. The statute indicates that the Fund is to be maintained on an actuarial basis. See LSA-R.S. 33:2103. To this extent, I would look to the testimony of the actuaries to determine whether the trial court erred in holding that the Fund was entitled to maintain a $5.8 million reserve.
The Fund’s actuary opined that the system should be advanced funded so as to be actuarily sound and that contributions should be used to amortize the accrued unfunded liability. While this proposal has merit, it apparently contravenes that section of the statute which expressly provides advanced accumulated funding for the new system only. LSA-R.S. 33:2117.3(3). On the other hand, the City’s actuary testified that a $2,000,000.00 reserve should compensate for fluctuations in the system, apparently without converting the system to advanced funding. This would further the strong public policy of ensuring payment of retirement benefits in which the firemen have a vested right. The $5.8 million reserve set by the trial court is unsupported by the record. Accordingly, I would reduce the accumulated reserves to $2,000,-000.00. To this extent, I respectfully dissent.